UNITED STATES DISTRICT COURT

DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 1:23-cr-00444-JEB-1 |
| v. | : | |
| GENE DIGIOVANNI, JR. | : | APRIL 19, 2024 |

**DEFENDANT'S SENTENCING MEMORANDUM**

Defendant, Gene DiGiovanni, Jr. ("Mr. DiGiovanni"), by and through counsel, submits this memorandum to aid the Court with imposing a sentence that is "sufficient, but not greater than necessary" to achieve the statutory sentencing purposes of 0-6 months. For the reasons below, Mr. DiGiovanni requests a sentence of 0 months, which is the applicable mandatory minimum sentence in this case.

I. **INTRODUCTION**

On August 15, 2023, Mr. DiGiovanni self-surrendered in the District of Connecticut and was released on a personal recognizance bond with pretrial supervision and conditions. On August 23, 2023, Mr. DiGiovanni appeared for his initial appearance, by video teleconference, before Magistrate Judge Zia M. Faruqui in the U.S. District Court for the District of Columbia. At that time, Mr. DiGiovanni was on a personal recognizance bond with pretrial services supervision and conditions.

On December 18, 2023, the United States Attorney's Office for the District of Columbia filed a count-one Information, charging Mr. DiGiovanni with Entering and Remaining in a

Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(1). On January 12, 2024, Mr. DiGiovanni pled guilty to Count One of the Information pursuant to a written plea agreement.

## II.   THE PRESENTENCE REPORT AND ITS U.S.S.G. CALCULATIONS

### Adjustment Based on U.S.S.C § 4C1.1

Mr. DiGiovanni is eligible for an adjustment for certain zero-point offenders pursuant to U.S.S.C § 4C1.1(a)(2)-(9), as he has met his burden to prove that he satisfies all the criteria in § 4C1.1 to be eligible for the adjustment. (*See* PSR, ¶38). Therefore, as a zero-point offender, Mr. DiGiovanni's offense level should be reduced by two levels.

### Imposition of Any Applicable Fine

Pursuant to U.S.S.G. § 5E1.2, should the Court impose a fine, at Guidelines level 2, the estimated applicable fine range is $200 to $9,500. Mr. DiGiovanni has agreed to pay restitution to the Architect of the Capitol in the amount of $500. It is important to note that Mr. DiGiovanni's participation on January 6, 2021, did not result in any destruction or vandalism. Therefore, Mr. DiGiovanni respectfully requests the Court not to impose any applicable fine.

## III.   SENTENCING FACTORS AND LEGAL FRAMEWORK

The District Court is required to fashion a sentence that is "sufficient, but not greater than necessary" to achieve the statutory purposes of punishment set forth in U.S.C. § 3553(a). *United States v. Booker*, 543 U.S.220 (2005). The mandatory nature of the Federal Sentencing Guidelines became advisory in *Booker*. It was later articulated in *Rita v. United States*, 551 U.S. 338 (2007)

and *Gall v. United States*, 552 U.S. 38 (2007), that in sentencing, there is no presumption that the Guidelines must apply. Although the sentencing court is still required to consider the applicable Guidelines range, it must also consider other factors enumerated in § 3553(a).

The Second Circuit reviews a sentence for reasonableness. *Gall v. United States*, 552 U.S. 38 (2007).  The Guidelines are no longer a judge's sole source for consideration, "Accordingly, after giving both parties an opportunity to argue for whatever sentence they deem appropriate, the district judge should then consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party. In so doing, he may not presume that the Guidelines range is reasonable. See id., at 351, 127 S.Ct. 2456. He must make an individualized assessment based on the facts presented. If he decides that an outside-Guidelines sentence is warranted, he must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Id.*

### A. 18 U.S.C. § 3553(a)(1): Nature, Circumstances and History of the Defendant

Mr. DiGiovanni is someone who truly appreciates the value of not only having a close relationship with his family, but being there for them in times of need. Mr. DiGiovanni's selfless character is evident by the PSR's review of his personal and family history. Mr. DiGiovanni has two siblings: Mathew DiGiovanni, 40, and Nicholas DiGiovanni, 37. His mother, Donna DiGiovanni stated that he has always been the first of her sons to help his siblings. (*See* PSR, ¶58). Mr. DiGiovanni makes it a point to be present in his family's lives, for he steadfastly helps his brother, Mathew, who is a single father.

In recognizing Mr. DiGiovanni's commitment to his family, we begin to appreciate the ramifications. In 2018, Mr. DiGiovanni married his wife Heidi DiGiovanni. In that same year,

Heidi was diagnosed with breast cancer. Throughout that troubling time and even today as she stands in remission, Mr. DiGiovanni displays unconditional support. On November 4th, 2023, Mr. DiGiovanni lost his father Gene J. DiGiovanni, Sr., at the age 69. To say that Mr. DiGiovanni and his father shared a close relationship would be a complete understatement. His father was more than just a parent, but his childhood football coach, mentor, and oftentimes colleague. Only three months into enduring this case, Mr. DiGiovanni was met with this monumental tragedy. Despite this, he continued to remain committed to his family.

.

**B. 18 U.S.C. § 3553(a)(2): Need For Sentence Imposed to Reflect Seriousness of the Offense and Promote Deterrence'**

As Benjamin Franklin once said, "It takes many good deeds to build a good reputation, and only one bad one to lose it." This is what Mr. DiGiovanni has endured since the outset of this case. When looking through a lens of Mr. DiGiovanni's good deeds throughout his entire life, it is evident that they outweigh this one bad one. In addition to serving on the Derby Board of Aldermen/women and the Derby Planning and Zoning Commission, Mr. DiGiovanni ran as Republican candidate for mayor in the fall of 2022. It is safe to say that this became very difficult for Mr. DiGiovanni, due to the negative impact from this case. Mr. DiGiovanni has faced and continues to face ridicule, as well as many other repercussions from that one bad deed on January 6th, 2021. Additionally, Mr. DiGiovanni's business, DiGiovanni and Sons Construction, has suffered these negative repercussions as well.

### IV.  **CONCLUSION**

Mr. DiGiovanni is someone who has never been on this side of the law, for he has no criminal history. It is more than accurate and sincere to say that a sentence of imprisonment is not warranted to promote deterrence, for this has already been achieved. Mr. DiGiovanni stands before this honorable Court having accepted responsibility. Moreover, he understands the seriousness of this offense. Mr. DiGiovanni's applicable guideline range is in Zone A of the Sentencing Table, with a total offense level of 2. Therefore, a sentence other than a sentence of imprisonment in accordance with U.S.S.G §5C1.1(b) or (C)(3) is generally appropriate. Mr. DiGiovanni requests a sentence of 0 months which is the applicable mandatory minimum sentence in this case.

                Respectfully submitted,
                  THE DEFENDANT,
                      GENE DIGIOVANNI, JR.


                /s/   Martin Minnella
                Martin Minnella
                Minnella, Tramuta & Edwards, LLC
                40 Middlebury Rd, Middlebury, CT 06762
                (203) 573-1411 (phone)
                (203) 757-9313 (fax)
                JohnR@mtelawfirm.com

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that the foregoing motion was filed electronically and sent by first-class mail, postage prepaid, on this April 19th, 2024, to anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system, or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's system.

/s/   Martin Minnella
Martin Minnella